### AVERY & COMPANY *v.* SORRELL.

BECK, J.  1.  Under the evidence in the case the plaintiffs were entitled to recover. And inasmuch as their counsel elected to take a money verdict, the court should have directed the jury to return such a verdict and for an amount which they should find under proper instructions upon that subject.

2.  Exceptions to the court's ruling upon the admission of evidence are not passed upon, as they are not referred to in the brief of counsel for the plaintiffs in error.     *Judgment reversed. All the Justices concur.*
> JUNE 14, 1916.

Trover. Before Judge Thomas. Colquitt superior court. April 9, 1915.

Avery & Co. brought trover against J. T. Sorrell, for the re-

covery of certain machinery which the plaintiffs alleged was in the possession of the defendant and to which plaintiffs claimed title. It was alleged that the defendant refused to deliver the property to the plaintiffs upon demand. No defense to the action was filed. At the trial the plaintiffs introduced in evidence three promissory notes for $420 each, which had been executed by one H. S. Colvin and W. W. Baker. Payments had been made which had reduced the amount of principal and interest to $940.50. In these notes title to the property for the purchase-money of which the notes were given was retained in Avery & Co. A witness testified as follows: He was the duly authorized representative of Avery & Co. He called on Sorrell on or about Sept. 30, 1914, and made personal demand on him for the property in controversy, stating to him that he (witness) was representing Avery & Co.; and also showed him the notes executed by Colvin and Baker to Avery & Co. for the purchase-price of the machinery, in which notes the title to the property was retained in Avery & Co. Sorrell then and there refused to turn over or surrender the property to witness, stating that he had bought the machinery and had been operating it for three or four weeks, and did not propose to give it up, as he had bought it at sheriff's sale. When Sorrell refused to turn over the property the witness had this suit filed. The property in controversy is worth $1,000, and is the same property described in the three notes signed by Colvin and Baker. For the defendant Boyd, sheriff of the county, testified: He sold this property to Sorrell under laborer's liens against some other parties claiming the mill, and put him in possession of it. His bid was $125. He did not pay for it, and witness afterwards learned that Avery & Co. held the title to it, and told him that he need not pay for it,—that he need not consider it a trade; and he has never paid for it. When the suit was filed witness went out to serve the defendant, and he turned the property over to witness, and it is now in his charge. The defendant had run the sawmill some time, but witness does not know how long. "Sorrell is a plain farmer, and does not know this suit is against him."

After the conclusion of the evidence the court directed a verdict in favor of the plaintiffs for the property in controversy. The plaintiffs insisted that they were entitled to take a verdict for the unpaid balance of the purchase-price, and excepted to the direction

given, and to the refusal of the court to allow them to take a verdict for the balance of the unpaid purchase-money.

*Edwin L. Bryan,* for plaintiffs.